## SUPREME COURT.

#### ANGUS AND OTHERS agt. DUNSCOMB AND OTHERS.

In reference to *fiduciary* character.

A merchant who received goods on consignment upon condition that he would advance to the consignor a certain amount in cash, and then consign the goods with the bills of lading and invoices, to responsible parties in Europe for sale and returns, *guaranteeing* the faithful disposition of the property and returns of accounts of sales, together with whatever balance there might be over and above the advances made—the consignor holding himself responsible to the consignee for any *deficiency, Held,* that on a deficiency of the amount of goods returned on sales by the parties in Europe, for which the consignee was liable on his guarrantee, and the consignor on his promise to the consignee, the consignee did not act in a *fiduciary* capacity where he had received the amount of the deficiency from the consignor and had not paid over the same to the parties in Europe, for which they sought to hold him *to bail.*

*New York Special Term, January* 1853. *Motion to vacate order of arrest.* The plaintiffs are subjects of Great Britain, and residents of Glasgow, &c., and trustees of Duar & Angus. The defendants are citizens of the United States and residents of the city and county of New York.

The complaint is upon information and belief, and sworn to by Mr. Foster, the attorney of the plaintiffs. The material charges in the complaint are,

There was a deficiency to the amount of £112·13·02, in the proceeds of certain pot and pearl ashes, sold by the plaintiffs for one Thomas Rigney, which deficiency Rigney was to pay the plaintiffs.

The defendants collected and received from the said Rigney a part of the said amount due as aforesaid, from him to the plaintiffs, viz: $525·09; and the said money *was received by said defendants in a fiduciary capacity for the use and benefit of the plaintiffs,* and the defendants undertook *to hold the same in trust for the payment of the said claim.*

*That defendants have never paid the amount to the said plaintiffs, or refunded the same to the said Rigney, or any part thereof.*

Upon these allegations a warrant of arrest was allowed against all the defendants. The defendants, Cook and Johnson, were arrested, and gave bail.

Angus and others agt. Dunscomb and others.

This motion is to discharge Cook and Johnson, from arrest, and to vacate the order for arrest.

Upon the motion the following facts were established by the papers of each party.

J. N. BALESTIER, *for Motion.*

FOSTER & THOMSON, *Opposed.*

MORRIS, Justice.—October 24th, 1851, Thomas Rigney, at the city of New York, consigned to Dunscomb, Cook & Co., of the city of New York, with invoice and bills of lading, 42 barrels pearl and 63 barrels pot ashes, amounting to $2833·60.

This consignment was made upon the following conditions: Dunscomb & Co. were to advance to Rigney in cash to the amount of the costs of the ashes.

Dunscomb & Co. were to consign the ashes to responsible parties in Glasgow for sale and returns.

Dunscomb & Co. guarantieing the faithful disposition of the property and returns of accounts of sales, together with whatever balance the ashes may bring over and above the advances made; he, Rigney, holding himself liable to Dunscomb, Cook & Co. for any deficiency.

October 25th, 1841, Rigney received from Dunscomb, Cook & Co. $2914·85 for the invoice of ashes, &c., so consigned by him to Dunscomb, Cook & Co

October 25th, 1851, Dunscomb, Cook & Co. consigned the bills of lading and invoices of the said ashes amounting to £708·8, to Duar & Angus, of Glasgow and shipped the ashes to them, to sell to the best advantage, according to the instructions of Rigney to Dunscomb, Cook & Co., which instructions they inclosed to Duar & Angus, Dunscomb, Cook & Co. insured the ashes

Novoember 11th, 1851, Dunscomb, Cook & Co. made their draft upon Duar & Angus for £596·4·5, to their own order, advanced against the ashes. This draft is received and paid.

May 21st, 1852, Duar & Angus remit to Dunscomb, Cook & Co., account of sales of the ashes, showing a deficiency, £492·18·3, a balance against Dunscomb, Cook & Co. in favor of Duar & Angus, and which Duar & Angus charge to claim from Dunscomb, Cook & Co.

For this deficiency, Dunscomb, Cook & Co., upon their guaranty, are liable to Duar & Angus, and for the same deficiency Thomas Rigney is liable to Dunscomb, Cook & Co. upon his, Rigney's express promise.

Rigney pays to Dunscomb, Cook & Co. $525·09, on account of the said deficiency.

This sum has not been paid over by Dunscomb, Cook & Co. to Duar & Angus, and to recover which the warrant of arrest in this cause was issued and the defendants held to bail.

These facts do not establish that Dunscomb, Cook & Co. were acting in a fiduciary capacity, and therefore the defendants, Cook & Johnson, must be discharged from arrest and the warrant of arrest must be vacated.

Order accordingly, with $10 costs of motion to the defendant.